MAYER·BROWN

Mayer Brown LLP
350 South Grand Avenue
25th Floor
Los Angeles, California 90071-1503

Main Tel +1 213 229 9500
Main Fax +1 213 625 0248
www.mayerbrown.com

**John Nadolenco**
Direct Tel +1 213 229 5173
Direct Fax +1 213 576 8133
jnadolenco@mayerbrown.com

March 22, 2013

Ms. Molly C. Dwyer, Clerk of the Court
United States Court of Appeals
    for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re:   *Robins v. Spokeo, Inc.*, No. 11-56843

Dear Ms. Dwyer:

We represent appellee Spokeo, Inc. ("Spokeo") in this appeal. Under Fed. R. App. P. 28(j), we write to bring the Court's attention to *Clapper v. Amnesty International USA*, 133 S.Ct. 1138 (2013). *Clapper* forecloses appellant Robins' only theories of concrete and particularized injury.

In *Clapper*, the Court held that the plaintiffs (who sought to challenge the constitutionality of 50 U.S.C. § 1881a) could not establish injury in fact under Article III merely by professing a concern that their communications with suspected foreign terrorists might be targeted for surveillance under that law. The Court held that this theory of future injury "relies on a highly attenuated chain of possibilities" that "does not satisfy the requirement that threatened injury must be certainly impending." 133 S. Ct. at 1148.

Additionally, the Court held that, even if the plaintiffs could show that interception of their own communications was imminent, they could not show that the threatened injury would be caused by the challenged statute rather than some other basis for surveillance. *Id.* at 1149. The Court pointedly "decline[d] to abandon [its] usual reluctance to endorse standing theories that rest on speculation about the decisions of independent actors." *Id.* at 1150. Appellant Robins' only concrete theory of injury here relies on future conduct by prospective employers, but he can only speculate about whether those unknown "independent actors" would take any action adverse to him, much less whether their actions would have anything to do with information on Spokeo.

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP

Ms. Molly C. Dwyer, Clerk of the Court
March 22, 2013
Page 2

Finally, the Court made clear that "subjective fear of surveillance does not give rise to standing." *Id.* at 1152-53. That precludes Robins' contention that his own anxiety and stress suffices to establish standing. And he could not establish standing even if he could allege that he took countermeasures to soothe his apprehension, just as the *Clapper* plaintiffs "[could] not manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Id.* at 1151.

Please circulate this letter to the panel considering the appeal.

Sincerely,

/s/ John Nadolenco

John Nadolenco