

3033 Wilson Boulevard
Suite 700
Arlington, VA 22201
703.243.9423
www.consovoymccarthy.com

December 5, 2016

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:   *Thomas Robins v. Spokeo, Inc.*, No. 11-56843 [Response to Spokeo, Inc.'s December 1, 2016 28(j) Letter]

Dear Ms. Dwyer:

Spokeo's letter claims that "recent decisions ... reject Robins's focus on the concreteness of the statutory right rather than the injury." Yet none of them are recent. *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998 (11th Cir. Oct. 6, 2016); *Lee v. Verizon Commcn's, Inc.*, 837 F.3d 523 (5th Cir. Sept. 15, 2016); *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925 (8th Cir. Sept. 8, 2016); *Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511 (D.C. Cir. July 26, 2016). Spokeo would have "promptly advis[ed]" the Court of these cases—as FRAP 28(j) requires—if they were genuinely favorable.

They instead confirm that, for intangible injury, "concreteness" turns on whether the violation creates "'material risk of harm' to the interest the [statute] protects." Robins Supp. Br. 10 (quoting *Spokeo v. Robins*, 136 S. Ct. 1540, 1550 (2016)). The "violation of a procedural right granted by statute may in some circumstances be a sufficiently concrete, albeit intangible, harm to constitute injury-in-fact without an allegation of 'any *additional* harm beyond the one Congress has identified.'" *Lee*, 837 F.3d at 529 (quoting *Spokeo*, 136 S. Ct. at 1549). Each case merely held that ***that violation*** did not place the "'concrete interest" ***that statute*** protects "even potentially at risk." *Id.* at 530; *Hancock*, 830 F.3d at 514-15; *Braitberg*, 836 F.3d at 930-31; *Nicklaw*, 839 F.3d at 1002-03.

Spokeo also ignores a truly recent case holding that Robins need not allege an imminent *tangible* harm to vindicate his concrete *intangible* interest in an accurate credit report. *Strubel v. Comenity Bank*, --- F.3d ----, 2016 WL 6892197 (2d Cir. Nov. 23, 2016). Were Spokeo correct, the Supreme Court "would not have remanded the case for further consideration of whether the particular procedural violations alleged 'entail a degree risk sufficient to meet the concreteness requirement' as clarified in *Spokeo*." *Id*. *4. Rather, "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest." *Id*. *5 (quoting *Spokeo*, 136 S. Ct. at 1549).

        Respectfully submitted,


        /s/ William S. Consovoy
        William S. Consovoy


Enclosure(s)

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2016, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ William S. Consovoy
William S. Consovoy